

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50034 | **DATE** | 10/23/2002 |
| **CASE TITLE** | Cooling Landscape Contractors, LLC vs. Local 150, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motions to dismiss and for sanctions;
Plaintiff's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment is denied, defendants' motion for sanctions is denied, and defendants' motion to dismiss is granted. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 23 2002 date docketed | | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 10-24-02 date mailed notice | |
| /LC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

02 OCT 23 PM 3: 56

# MEMORANDUM OPINION AND ORDER

Plaintiff, Cooling Landscape Contractors, LLC ("Cooling"), has filed a complaint for declaratory judgment against defendants, Local 150, International Union of Operating Engineers, AFL-CIO and Mark Thill (collectively referred to as "Local 150"). As the declaratory relief Cooling has requested pertains to a collective bargaining agreement ("CBA") between the parties, jurisdiction and venue are proper under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), (c) ("LMRA"), and 28 U.S.C. § 2201. Before the court is Cooling's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56, and Local 150's motions to dismiss and for sanctions, filed pursuant to Rules 12(b)(6) and 11, respectively.

This case essentially comes down to who – the court or an arbitrator – decides whether Local 150 is barred from pursuing arbitration of a grievance challenging the demotion of Thill, a Cooling employee, because neither the grievance nor the demand for arbitration were filed within the time limits set out in the CBA and because the CBA does not allow one party to unilaterally initiate arbitration proceedings. Local 150 admits both the grievance and arbitration demand it filed were not timely, and admits it unilaterally sought arbitration. What it argues, however, is that these "procedural defenses" are for the arbitrator, not the court, to resolve.

John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543 (1964), is the natural starting point for the court's analysis. Like the present suit, John Wiley was based on § 301 of the LMRA and involved a CBA with a three-step grievance process much like the one at issue here. The union in that case sought to compel arbitration but, because the union had not followed steps 1 and 2 or filed a timely grievance, the employer believed it did not have a duty to arbitrate. Specifically, the employer argued the question of whether these procedural prerequisites, upon which the duty to arbitrate under the CBA was conditioned, had been met should be decided by the court and not the arbitrator. Rejecting this theory, the Court stated: "Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." Id. at 558. The Seventh Circuit has reiterated this principle in its own labor relations cases. See Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc., 860 F.2d 1420, 1424 (7th Cir. 1988) ("Procedural issues, including . . . the timeliness of filing a grievance, are for the arbitrator, so long as the subject matter of the dispute is within the arbitration clause.") (emphasis in original); Niro v. Fearn Int'l, Inc., 827 F.2d 173, 175-76 (7th Cir. 1987) ("The question whether a particular dispute concerns a subject that the parties have agreed to arbitrate is ordinarily a question to be decided by the court. Questions whether a party adequately has abided by procedural requirements of an arbitration agreement, on the other hand, normally are reserved for the arbitrator's judgment. . . . [O]nce it is determined that the underlying dispute concerns a subject matter covered by arbitration provisions, the court's only role is to order arbitration. The arbitrator should determine the effect of any 'procedural' shortcomings of either party."); Beer Sales Drivers, Local 744 v. Metropolitan Distribs., Inc., 763 F.2d 300, 303 (7th Cir. 1985) ("[T]he union's alleged failure to submit its members' grievances within the time limitations specified in the [CBA] is an issue of procedural arbitrability which should be reserved for the arbitrator."). Because it is undisputed in this case that the grievance concerning Thill's demotion is a subject matter covered under the CBA's arbitration clause, the above case law dictates that all of the reasons why Cooling believes it should not have to arbitrate – the timeliness of the grievance and arbitration demand and whether the CBA requires the consent of both parties – raise matters of procedural arbitrability that are for the arbitrator, not the court, to decide.

Cooling's response to this line of authority is to suggest subsequent case law has "clarified," "reversed," or "superseded" it. In the court's opinion, however, Cooling has put far too much stock in the few cases it relies on. In AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 (1986) – a case cited in both Niro and Chicago Sun-Times by the way – the Supreme Court explained that "the question of arbitrability – whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is . . . to be decided by the court, not the arbitrator." Id. at 649. But this is hardly a departure from the Court's prior cases and is in fact compatible with John Wiley. As the Seventh Circuit observed in Chicago Sun-Times, while some of the language in AT & T "suggests quite broadly that 'the question of arbitrability . . . is undeniably an issue for judicial determination,' [AT & T, 475 U.S. at 649,] in other cases the Supreme Court has indicated that the court is only to decide whether the subject matter of a dispute is within the coverage of the applicable arbitration clause. Questions of 'procedural arbitrability' are matters for the arbitrator." Chicago Sun-Times, 860 F.2d at 1423-24 (emphasis in original) (citing John Wiley). So, although Cooling may be right that it did not agree to arbitrate untimely grievances, it did agree to arbitrate the subject matter of Thill's grievance and any timeliness or other procedural concerns it has should be raised with the arbitrator.

In the other case Cooling points out, Independent Lift Truck Builders Union v. Hyster Co., 2 F.3d 233 (7th Cir. 1993), the court commented that, "[w]here one party to an arbitration agreement containing a limitations clause objects to an order compelling arbitration on the ground that some of the claims are time-barred, the district court must decide whether the claims are stale. Roney & Co. v. Kassab, 981 F.2d 894, 897 (6th Cir. 1992)." Hyster, 2 F.3d at 236. This isolated statement may at first blush appear to support Cooling's position in this case, but there are a number of problems with it. First, it is pure dictum as even a cursory reading of Hyster reveals. Second, and more importantly, Roney, the Sixth Circuit case which the Seventh Circuit cited for this proposition, dealt with a time limit for submitting a dispute to arbitration found not in a collective bargaining agreement but in a rule of the National Association of Securities Dealers' ("NASD") Code of Arbitration Procedure. See Roney, 981 F.2d at 897. Like the Sixth Circuit, the Seventh Circuit itself repeatedly has interpreted this particular NASD rule as a substantive "eligibility requirement" – i.e., an issue of "substantive arbitrability" – to be decided by the court, not the arbitrator. See Smith Barney Inc. v. Schell, 53 F.3d 807, 809 (7th Cir. 1995); Edward D. Jones & Co. v. Sorrells, 957 F.2d 509, 512 (7th Cir. 1992). As it turns out, this issue – whether the NASD timeliness rule is a matter for a court or an arbitrator to decide – has split the courts of appeals and just recently has been argued before the Supreme Court. See Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956 (10th Cir. 2001), cert. granted, 534 U.S. 1161 (2002) (argued Oct. 9, 2002). No matter how the Court settles the issue, however, it is largely irrelevant to this case because, as one court of appeals has explained, there are a number of reasons why the NASD rule is treated differently from run-of-the-mill time limitation clauses in other arbitration agreements, among them the distinctive "eligibility" language in the NASD rule not found in other arbitration timeliness rules (including the one in this case) and the different policy concerns between the law of securities on the one hand and the law of labor relations and collective bargaining on the other. See Independent Ass'n of Cont'l Pilots v. Continental Airlines, 155 F.3d 685, 693-95 (3d Cir. 1998). To the extent some district courts have applied cases like Schell and Sorrells outside the NASD rule context, see, e.g., Chicago Sch. Reform Bd. of Trs. v. Diversified Pharm. Servs., Inc., 40 F. Supp. 2d 987, 990, 992-93 (N.D. Ill. 1999); Johnson v. Universal Fin. Group, Inc., No. 02 C 1875, 2002 WL 1968388, *2 (N.D. Ill. Aug. 22, 2002), the court respectfully disagrees and chooses instead to follow the John Wiley line of cases. See, e.g., ADM Investor Servs., Inc. v. Investors Equity Life Ins. Co, 904 F. Supp. 816, 817-18 (N.D. Ill. 1995).

For the reasons stated above, Cooling's motion for summary judgment is denied and Local 150's motion to dismiss is granted. This case is hereby dismissed in its entirety. Although the court ultimately rejects Cooling's position in this case, it does not find that the case was so frivolous or unwarranted by existing law so as to merit sanctions. Local 150's motion for sanctions is therefore denied.

# United States District Court
## Northern District of Illinois
### Western Division

Cooling Landscape Contractors, LLC

v.

Local 150 International Union of
Operating Engineers, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50034

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for summary judgment is denied, defendants' motion for sanctions is denied, and defendants' motion to dismiss is granted. This case is hereby dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 10/23/2002

Susan M. Wessman, Deputy Clerk